# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| WILLIE LEE WHITE,<br><br>  Plaintiff,<br><br>v.<br><br>CHAPLAIN,<br><br>  Defendant. | Case No.: 2:25-cv-02479-JAD-NJK<br><br>**Order Denying IFP Application**<br><br>(Docket No. 1) |

On December 12, 2025, *pro se* plaintiff Willie White, an inmate at Clark County Detention Center ("CCDC"), submitted a complaint under 42 U.S.C. § 1983 and applied to proceed *in forma pauperis*. Docket Nos. 1, 1-1. Plaintiff's application to proceed *in forma pauperis* is incomplete because Plaintiff failed to include a completed financial certificate and an inmate trust fund account statement for the previous six-month period with the application. Even if Plaintiff has not been at CCDC for a full six-month period, Plaintiff must still submit both a financial certificate and an inmate trust fund account statement for the dates Plaintiff has been at the facility.

The United States District Court for the District of Nevada must collect filing fees from parties initiating civil actions. 28 U.S.C. § 1914(a). As of December 1, 2023, the fee for filing a civil-rights action is $405, which includes the $350 filing fee and the $55 administrative fee. *See* 28 U.S.C. § 1914(b). "Any person who is unable to prepay the fees in a civil case may apply to the court for leave to proceed *in forma pauperis*." LSR 1-1. For an inmate to apply for *in forma pauperis* status, the inmate must submit **all three** of the following documents to the Court: (1) a completed **Application to Proceed *in Forma Pauperis* for Inmate**, which is pages 1–3 of the Court's approved form, that is properly signed by the inmate twice on page 3; (2) a completed **Financial Certificate**, which is page 4 of the Court's approved form, that is properly signed by both the inmate and a prison or jail official; and (3) a copy of the **inmate's prison or jail trust fund account statement for the previous six-month period**. *See* 28 U.S.C. § 1915(a)(1)–(2);

LSR 1-2. *In forma pauperis* status does not relieve an inmate of his or her obligation to pay the filing fee, it just means that the inmate can pay the fee in installments. *See* 28 U.S.C. § 1915(b).

Accordingly, for the reasons stated above,

IT IS ORDERED that the application to proceed *in forma pauperis*, Docket No. 1, is **DENIED** without prejudice.

IT IS FURTHER ORDERED that, no later than **February 23, 2026,** Plaintiff must either pay the full $405 filing fee or file a new fully complete application to proceed *in forma pauperis* with all three required documents: a completed application with the inmate's two signatures on page 3; a completed financial certificate that is signed both by the inmate and the prison or jail official; and a copy of the inmate's trust fund account statement for the previous six-month period.

IT IS FURTHER ORDERED that, if Plaintiff fails to timely comply with this order, this action will be subject to dismissal without prejudice. A dismissal without prejudice allows Plaintiff to refile the case with the Court, under a new case number, when Plaintiff can file a complete application to proceed *in forma pauperis* or pay the required filing fee.

The Clerk of the Court is **INSTRUCTED** to send Plaintiff Willie White the approved traditional form application to proceed *in forma pauperis* for an inmate and instructions for the same and retain the complaint, Docket No. 1-1, but not file it at this time.

IT IS SO ORDERED.

DATED: December 23, 2025.

NANCY J. KOPPE
UNITED STATES MAGISTRATE JUDGE